# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2010

140400

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

CHERYL DEBANO-GRIFFIN,
            Plaintiff-Appellant,

v

LAKE COUNTY and LAKE COUNTY BOARD
OF COMMISSIONERS,
            Defendants-Appellees.

SC: 140400
COA: 282921
Lake CC: 05-006469-CZ

_____/

On order of the Court, the application for leave to appeal the October 15, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for consideration of the issue raised by the defendants but not addressed by that court during its initial review of the case. The Court of Appeals erred in holding that the plaintiff was not engaged in protected activity under the Whistleblowers Protection Act (WPA), MCL 15.361 *et seq*. Reporting a "suspected violation of a law" is protected activity. MCL 15.362. MCL 211.24f(2)(d) requires the ballot to include "[a] clear statement of the purpose for the millage." In *City of South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 533 n 23, 534 (2007), this Court, relying on this statutory language, held that "funds derived from levies must be used for the purpose stated in the ballot," and that using such funds for another purpose would "violate the law." See also, MCL 750.489; MCL 750.490; MCL 141.439. Accordingly, when the plaintiff reported her concerns that the ambulance funds were being used for purposes other than those stated in the ballot, the plaintiff was reporting a "suspected violation of a law," and, thus, was engaged in protected activity. Because the plaintiff reported a suspected violation of an *actual* law, it is unnecessary to address whether the reporting of a suspected violation of a *suspected* law constitutes protected activity.

KELLY, C.J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2010

_____
Clerk

s0526