PACE v EDEL-HARRELSON

Docket No. 151374. Decided February 1, 2016.

Barbara Pace brought an action in the Eaton Circuit Court against Jessica Edel-Harrelson, Christy Long, and SIREN/Eaton Shelter, Inc. (SIREN), claiming that she had been discharged from her employment with SIREN in violation of public policy and the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*. Plaintiff alleged that she was terminated because she had reported to two supervisors and Edel-Harrison, SIREN's executive director, that Long, a coworker, had told plaintiff that she planned to use SIREN grant money to buy a stove for Long's daughter and implied that plaintiff should document the transaction in the name of a client in order to cover up the unauthorized purchase. Edel-Harrelson claimed that she had fired plaintiff for unrelated misconduct. The court, Conrad J. Sindt, J., granted defendants' motion for summary disposition under MCR 2.116(C)(10), and plaintiff appealed. The Court of Appeals, SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ., reversed the trial court's grant of summary disposition on the WPA claim, but affirmed the trial court's summary disposition of the claim of discharge against public policy. 309 Mich App 256 (2015). Defendants applied for leave to appeal in the Supreme Court.

In lieu of granting leave to appeal and without hearing oral argument, in a unanimous opinion per curiam, the Supreme Court *held*:

Under MCL 15.362, the WPA provides protection to an employee who reports a violation or a suspected violation of a law to a public body. The reference in MCL 15.362 to "a violation or a suspected violation of a law" plainly envisions an act or conduct that has actually occurred or is ongoing, and MCL 15.362 contains no language indicating that future, planned, or anticipated acts amounting to a violation or a suspected violation of a law are included within the scope of the WPA. Consequently, a stated intention to commit an act amounting to a violation of a law in the future does not constitute a violation or a suspected violation of a law for purposes of MCL 15.362. Because plaintiff merely reported another's intent to violate a law in the future, plaintiff did

not engage in protected activity under the WPA as a matter of law and has no recourse under that statute. The Court of Appeals decision to the contrary was reversed and the case remanded to the Court of Appeals for consideration of the merits of plaintiff's claim that her discharge violated public policy.

Reversed and remanded to the Court of Appeals for further consideration.

Justice LARSEN took no part in the decision of this case.

STATUTES — WHISTLEBLOWERS' PROTECTION ACT — PROTECTED ACTIVITY — REPORTING SUSPECTED VIOLATIONS OF LAW.

MCL 15.362 provides protection to an employee who reports a violation or a suspected violation of a law to a public body; reporting that a person has expressed an intent to violate a law in the future is not protected activity under the Whistleblowers' Protection Act.

*Law Offices of Lisa C. Ward, PLLC* (by *Lisa C. Ward* and *Nicole J. Schmidtke*), for plaintiff.

*Foley & Mansfield, PLLP* (by *Greg Meihn* and *Melinda A. Balian*), for defendants.

PER CURIAM. This case requires the Court to consider the application of Michigan's Whistleblowers' Protection Act (WPA) to an employee who alleges that she was terminated because she reported a coworker's plan to violate the law. Pursuant to MCL 15.362, the WPA provides protection to an employee who reports "a violation or a suspected violation of a law" to a public body. Because "a violation or a suspected violation" refers to an existing violation of a law, the plain language of MCL 15.362 envisions an act or conduct that has actually occurred or is ongoing. MCL 15.362 contains no language encompassing future, planned, or anticipated acts amounting to a violation or a suspected violation of a law. Because plaintiff in the instant case merely reported another's intent to violate a law in the future, plaintiff has no recourse under the

WPA. Accordingly, we reverse the Court of Appeals' contrary decision and remand this case to that court for further consideration.

## I. BASIC FACTS AND PROCEEDINGS

Plaintiff, Barbara Pace, brought suit against her former employer, SIREN Eaton Shelter, Inc. (SIREN),[1] SIREN executive director, Jessica Edel-Harrelson, and SIREN operations manager, Christy Long, claiming that she was wrongfully terminated on January 18, 2012, in violation of the WPA.

Plaintiff claims Long stated that she intended to use SIREN grant money to purchase a stove for her daughter. According to plaintiff, Long implied that plaintiff should document the transaction in the name of a specific client to cover up the unauthorized purchase. Long denies ever using grant funds for this purpose or ever discussing such a purchase with plaintiff.

Plaintiff testified that she contacted two of her supervisors to inform them of Long's plans. When plaintiff's supervisors did not act upon her warning, plaintiff reported her incident with Long directly to Edel-Harrelson in December 2011 or early January 2012. Plaintiff stated in her deposition that, at that time, she believed that Long had already purchased the stove with grant funds. Plaintiff alleges that Edel-Harrelson told plaintiff that she would look into the matter, but Edel-Harrelson claimed in a later deposition that she had no recollection of this discussion with plaintiff.[2]

---

[1] SIREN is a nonprofit entity that provides services to survivors of domestic violence.

[2] After plaintiff filed her complaint in April 2012, Edel-Harrelson investigated plaintiff's claim against Long and found no wrongdoing on Long's part. As the Court of Appeals acknowledged, defendants do not dispute that if Long had actually purchased a stove with grant funds, or

SIREN terminated plaintiff's employment on January 18, 2012. Plaintiff alleges that she was terminated for reporting her conversation with Long to Edel-Harrelson. SIREN's stated reason for terminating plaintiff's employment was plaintiff's allegedly harassing and intimidating behavior toward a fellow employee in violation of defendants' employment policies in a January 2012 incident.[3] The termination letter stated that plaintiff was terminated because she "engaged in behavior that resulted in fear and intimidation in co-workers, and which was witnessed by three employees."

On April 10, 2012, plaintiff brought the instant action, alleging that her termination was in violation of the WPA. On August 21, 2013, defendants moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not establish a prima facie case under the WPA because (1) no conduct had occurred that could be considered a violation or suspected violation of a law, and, therefore, plaintiff did not engage in "protected activity" under the WPA and (2) plaintiff could not demonstrate a causal connection between her alleged report of a suspected violation of a law and her termination.

---

taken sufficient steps to constitute an attempt of such a purchase, she would have committed the crime of embezzlement or attempted embezzlement. See MCL 750.174.

[3] Defendants presented evidence that on or about January 10, 2012, plaintiff made an inappropriate comment to a coworker. Plaintiff admitted making the comment as a joke. When Carol Hatch, a coworker who witnessed the comment, told plaintiff that the remark was inappropriate, plaintiff asked Hatch if she wished to go "toe to toe" with her. The incident was reported to plaintiff's supervisor, Martha Miller, who discussed the incident the next day with Edel-Harrelson. Edel-Harrelson instructed Miller to issue plaintiff a verbal warning. When Miller met with plaintiff to issue that warning, Hatch averred that plaintiff became angry and approached Hatch in a threatening manner in the presence of two other case managers. Plaintiff denied that she engaged in any physically intimidating behavior.

On November 6, 2013, the circuit court granted summary disposition in favor of defendants, ruling that plaintiff failed to establish that a violation or suspected violation of a law occurred. On February 24, 2015, the Court of Appeals reversed the circuit court's ruling with respect to plaintiff's WPA claim.[4] According to the panel, plaintiff presented sufficient evidence to establish a genuine issue of material fact that she had engaged in "protected activity" and that the alleged protected activity was causally connected to her subsequent termination, rendering summary disposition improper. The panel remanded for proceedings consistent with its opinion. Defendants filed an application for leave to appeal in this Court, arguing that plaintiff failed to establish a prima facie claim under the WPA because there was no evidence that any conduct or actions were taken that constituted a violation or a suspected violation of a law. After review of the briefs filed on the application for leave to appeal, in lieu of granting leave to appeal, we summarily reverse the Court of Appeals and remand this case to that court for further consideration.

## II. STANDARD OF REVIEW

The interpretation of the WPA presents a statutory question that this Court reviews de novo.[5] This Court also reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10).[6]

---

[4] *Pace v Edel-Harrelson*, 309 Mich App 256; 870 NW2d 745 (2015). Plaintiff also asserted an alternative claim that her discharge was against public policy. The trial court dismissed that claim, ruling that there was no public policy basis to support it. And, in light of its reversal on the WPA claim, the Court of Appeals found it unnecessary to address the merits of the public policy claim. See *Anzaldua v Neogen Corp*, 292 Mich App 626, 631; 808 NW2d 804 (2011).

[5] *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013).

[6] *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).

III. ANALYSIS

The pertinent issue before this Court is whether plaintiff has stated a viable claim under the WPA. The applicable provision of the WPA, MCL 15.362, states the following:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

This provision protects an employee who has reported, or is about to report, a violation or suspected violation of a law to a public body. To establish a prima facie case under MCL 15.362, a plaintiff must show that "(1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action."[7]

Our initial, and ultimately dispositive, inquiry is whether plaintiff engaged in "protected activity" as articulated in MCL 15.362 when she reported Long's alleged plan to purchase a stove with SIREN grant money to Edel-Harrelson. When interpreting a statute, the primary goal is to give effect to the intent of the

---

[7] *West v Gen Motors Corp*, 469 Mich 177, 183-184; 665 NW2d 468 (2003) (citations omitted).

Legislature by construing the language of the statute.[8] When the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted.[9] When a statute does not expressly define a term, courts may consult dictionary definitions to ascertain its ordinary and generally accepted meaning.[10]

MCL 15.362 states that the WPA applies to employees who report "a violation or a suspected violation of a law" to a public body.[11] We agree with the Court of Appeals that a plaintiff need not necessarily report an actual violation of a law to receive protection under this provision, as MCL 15.362 explicitly provides protection for "a suspected violation of a law."[12] Nonetheless, we disagree with the Court of Appeals to the extent it held "that, where an employee has a good faith and reasonable belief that a violation of the law . . . is being actively planned, the report of that belief is []sufficient to trigger the protections of the WPA."[13]

The reference in MCL 15.362 to "a violation or a suspected violation of a law" plainly envisions an act or conduct that has actually occurred or is ongoing. A common dictionary defines "violation" in part as "the act of violating: the state of being violated[.]"[14] This

---

[8] *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[9] *Id.*

[10] *Brackett v Focus Hope, Inc*, 482 Mich 269, 276; 753 NW2d 207 (2008) (citations omitted).

[11] Defendants concede that SIREN is a "public body" for purposes of the WPA.

[12] *Debano-Griffin v Lake Co*, 486 Mich 938, 938 (2010).

[13] *Pace*, 309 Mich App at 268.

[14] *Merriam-Webster's Collegiate Dictionary* (11th ed).

definition contemplates an existing act that has occurred or is ongoing. That is, "a violation or a suspected violation" refers to an existing violation. The provision must therefore be read in the context of some conduct or act that has already occurred or is occurring, and not some conduct or act that may or may not occur. MCL 15.362 contains no language indicating that future, planned, or anticipated acts amounting to a violation or a suspected violation of a law are included within the scope of the WPA. Consequently, a stated intention to commit an act amounting to a violation of a law in the future does not constitute "a violation or a suspected violation of a law" for purposes of MCL 15.362 as a matter of law.[15]

Plaintiff reported to Edel-Harrelson Long's stated plans to commit a *future* act in violation of the law. Plaintiff claimed in her deposition that Long said she was "going to use the money" to buy the stove and agreed that Long "was simply telling [plaintiff] what her intention was." Plaintiff therefore did not engage

---

[15] We also find persuasive the Minnesota Court of Appeals' interpretation of that state's Whistleblowers' Act, which contains language very similar to MCL 15.362 of the WPA. See Minn Stat § 181.932(1) (stating that an employer shall not discharge an employee when that employee in good faith "reports a violation or suspected violation of any federal or state law or rule . . . to an employer . . ."). Interpreting § 181.932(1), the Minnesota Court of Appeals recognized that it "does not apply where an employee alleges that the employer contemplated but refrained from unlawful conduct." *Grundtner v Univ of Minnesota*, 730 NW2d 323, 330 (Minn App, 2007). Rather, "the statutory language [of section 181.932] speaks to conduct which has already transpired, and the fact that an avenue of action has been contemplated by the employer and rejected insulates that conduct from the whistleblower proscriptions." *Id.* (quotation marks and citations omitted). Notably, after *Grundtner*, the Minnesota Legislature amended § 181.932(1) to provide protection to an employee who reports "a violation, suspected violation, *or planned violation* of any federal or state law or common law or rule adopted pursuant to law . . . to an employer . . . ."

in "protected activity" for purposes of the WPA, as plaintiff's report of a suspected planned or future violation of a law is not encompassed within the protections provided by MCL 15.362.

In holding to the contrary, the Court of Appeals relied in part on plaintiff's statement in her deposition that at the time of her report to Edel-Harrelson, she "believed" Long had already purchased the stove. Based on this statement, the Court of Appeals concluded that plaintiff reported a "suspected violation of an actual law" and that defendants' argument that plaintiff only suspected that Long might purchase the stove in the future is inconsistent with the record.

However, the WPA provides protection to an employee only where that employee "reports or is about to report" a violation or a suspected violation of a law.[16] Thus, an employee's unexpressed personal belief when making a report is not relevant for purposes of MCL 15.362. There is no indication in the record that plaintiff reported to Edel-Harrelson her belief that Long had already purchased the stove. Instead, the record indicates that plaintiff reported only her "incident" with Long, referring to the conversation pertaining to Long's plans to purchase the stove using grant funds in the future. Therefore, because plaintiff reported a suspected future violation of a law, not a suspected existing violation, plaintiff did not engage in "protected activity" for purposes of the WPA, regardless of her deposition testimony pertaining to her subjective belief at the time of her report to Edel-Harrelson.

In sum, the evidence presented by plaintiff indicates that Long merely announced her intention to commit a violation of a law in the future. Consequently, because

---

[16] MCL 15.362.

plaintiff reported a suspected future violation of a law rather than "a violation or a suspected violation of a law," she did not engage in protected activity as a matter of law.[17] By concluding to the contrary, the Court of Appeals unduly expanded the scope of the clear and plain language of the WPA without legislative approval.

### IV. CONCLUSION

Because plaintiff reported Long's announced intention to buy a stove with unauthorized grant funds, which constituted an expression of an intent to act in the future, not an accomplished or ongoing act, plaintiff has not established conduct that qualifies as "a violation or a suspected violation of a law" under MCL 15.362. Consequently, plaintiff did not engage in "protected activity" under the WPA as a matter of law.[18] In lieu of granting defendants' application for leave to appeal, we summarily reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the merits of plaintiff's claim of discharge against public policy.[19]

YOUNG, C.J., and MARKMAN, ZAHRA, McCORMACK, VIVIANO, and BERNSTEIN, JJ., concurred.

LARSEN, J., took no part in the decision of this case.

[17] The Court of Appeals' comparison of the instant case to *Debano-Griffin*, 486 Mich at 938, is misguided. The plaintiff in *Debano-Griffin* reported a suspected *existing* violation of a law.

[18] Because we conclude that plaintiff did not engage in "protected activity" under MCL 15.362, we need not consider defendants' argument that plaintiff failed to demonstrate a causal connection between her report to Edel-Harrelson and her termination.

[19] See *Anzaldua*, 292 Mich App at 631 ("[I]f the WPA does not apply, it provides no remedy and there is no preemption.") (citations omitted).