# STATE OF MICHIGAN

# COURT OF APPEALS

Z & Z FIREWORKS,

        Plaintiff-Appellant,

v

CITY OF ROSEVILLE,

        Defendant-Appellee.

UNPUBLISHED
May 25, 2017

No. 333642
Macomb Circuit Court
LC No. 2014-001928-NI

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

In this action alleging preemption of a local ordinance by the Michigan Fireworks Safety Act (MFSA), MCL 28.451 *et seq.*, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant and denying summary disposition to plaintiff. We affirm.

Plaintiff argues that because MCL 28.457(1) of the MFSA preempts the enforcement of defendant's ordinance, summary disposition should not have been granted in favor of defendant. We disagree.

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. "Whether a state statute preempts a local ordinance is a question of statutory interpretation and, therefore, a question of law that we review de novo." *Ter Beek v City of Wyoming*, 297 Mich App 446, 452; 823 NW2d 864 (2012).

"Under the Michigan Constitution, the City's 'power to adopt resolutions and ordinances relating to its municipal concerns' is 'subject to the constitution and the law.' " *Ter Beek v City of Wyoming*, 495 Mich 1, 19; 846 NW2d 531 (2014), quoting Const 1963, art 7, § 22. With respect to that clause of the Michigan Constitution, the Michigan Supreme Court has held that

"[w]hile prescribing broad powers, this provision specifically provides that ordinances are subject to the laws of this state, i.e., statutes." *AFSCME v Detroit*, 468 Mich 388, 410; 662 NW2d 695 (2003).

"A state statute preempts regulation by an inferior government when the local regulation directly conflicts with the statute or when the statute completely occupies the regulatory field." *USA Cash # 1, Inc v Saginaw*, 285 Mich App 262, 267; 776 NW2d 346 (2009). "For purposes of preemption, a direct conflict exists between a local regulation and a state statute when the local regulation permits what the statute prohibits or prohibits what the statute permits." *McNeil v Charlevoix Co*, 275 Mich App 686, 697; 741 NW2d 27 (2007). Alternatively, field preemption occurs when "the state statutory scheme preempts the ordinance by occupying the field of regulation which the municipality seeks to enter, to the exclusion of the ordinance, even where there is no direct conflict between the two schemes of regulation." *Ter Beek*, 495 Mich at 19-20, quoting *People v Llewellyn*, 401 Mich 314, 322; 257 NW2d 902 (1977). A state statutory scheme may be determined to occupy the entire field of regulation to the exclusion of local ordinances when "the state law expressly provides that the state's authority to regulate in a specified area of the law is to be exclusive"; where, "upon an examination of [the statutory scheme's] legislative history[,] there is an implication of an intent to be exclusive"; based on "the pervasiveness of the state regulatory scheme"; or where "the nature of the regulated subject matter may demand exclusive state regulation to achieve the uniformity necessary to serve the state's purpose or interest." *Llewellyn*, 401 Mich at 323-324. However, even where field preemption exists "a municipality is [not] preempted from enacting ordinances outside the field of regulation occupied by the state statutory scheme[.]" *Id*. at 330.

The statute relied upon by plaintiff in this case states that "[e]xcept as provided in this act, a local unit of government shall not enact or enforce an ordinance, code, or regulation pertaining to or in any manner regulating the sale, display, storage, transportation, or distribution of fireworks regulated under this act." MCL 28.457(1). Meanwhile, defendant's ordinance, the Roseville Ordinances requires businesses seeking to sell goods from a temporary structure to obtain a license. Roseville Ordinances, § 219-29. Those licenses, however, are prohibited unless "[t]he proprietor or owner of the business conducting such sales is an established merchant." Roseville Ordinances, § 219-30A. An established merchant is required to have "an ongoing business of selling and/or delivering goods and/or services . . . within [defendant city] from a fixed location within a permanent structure[.]" Roseville Ordinances, § 219-28. By definition, a "tent" is not a permanent structure pursuant to the ordinance. Roseville Ordinances, § 219-28. Further, the license requires proof that not only is the business being run by an established merchant, but that the temporary structure is adjacent to the required permanent structure and that the goods being sold are of a substantial similarity to the goods sold at its "ongoing adjacent business" and "representing at least 10% of the sale revenues within the preceding 12 months." Roseville Ordinances, § 219-32B-C.

Relying on that ordinance, defendant denied plaintiff's applications for licenses to sell fireworks from tents because plaintiff was not an established merchant and failed to provide proof that plaintiff maintained an ongoing business selling substantially similar goods that amounted to 10% of plaintiff's gross sales. Plaintiff asserts that defendant's enforcement of that ordinance against plaintiff's fireworks sales business was preempted by MCL 28.457(1) (emphasis added), because the statute prohibits cities from "enact[ing] or enforc[ing] an

ordinance . . . pertaining to or *in any manner regulating the sale . . . of fireworks* regulated under this act."

Considering direct conflict preemption first, this Court must find that MCL 28.457(1) preempts defendant's ordinance if "the local regulation permits what the statute prohibits or prohibits what the statute permits." *McNeil*, 275 Mich App at 697. In the simplest terms possible, MCL 28.457(1) contains no guidance regarding the sale of goods from temporary structures, and defendant's ordinance does not specifically mention or regulate fireworks. If MCL 28.457(1) stated that fireworks must be permitted to be sold in tents, or if the ordinance stated that fireworks could not be sold in tents, then the outcome would be different. However, when comparing their plain language, which this Court is bound to do, *Ronnisch Constr Group v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016), there is no direct conflict between the statute and defendant's ordinance, because there is no evidence that "the local regulation permits what the statute prohibits or prohibits what the statute permits." *McNeil*, 275 Mich App at 697.

Next, this Court must consider whether the field of fireworks regulation is entirely occupied by the MFSA, and if so, whether defendant's ordinance is thereby preempted. Recall that, even where field preemption exists "a municipality is [not] preempted from enacting ordinances outside the field of regulation occupied by the state statutory scheme[.]" *Llewellyn*, 401 Mich at 330. As discussed, *supra*, defendant's ordinance regulates the sale of goods from temporary structures. In other words, defendant's ordinance did not attempt to enter the field of fireworks sales regulation, but did so only incidentally because plaintiff wanted to sell fireworks from a tent. As such, defendant's ordinance was not subject to the field preemption of the MFSA, because defendant was free to "enact[] ordinances outside the field of regulation occupied by the state statutory scheme[.]" *Llewellyn*, 401 Mich at 330.

Plaintiff's reliance on *Mich Coalition for Responsible Gun Owners v Ferndale*, 256 Mich App 401, 413-414; 662 NW2d 864 (2003), to argue to the contrary is misplaced, because the ordinance in that case specifically regulated where guns could be carried, while the state statute specifically stated that local units of government could not regulate where guns could be carried. In the present case, however, while the state statute says that a local unit of government cannot regulate the sale of fireworks, the ordinance does not attempt to do so. Rather, as stated, the ordinance regulates the sales of goods from temporary structures. Therefore, this Court's determination that there was preemption in *Mich Coalition* is inapplicable to this case.

Affirmed.

/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-3-