# STATE OF MICHIGAN

# COURT OF APPEALS

TRINA TURNER,

        Plaintiff-Appellant,

and

NINA SMITH,

        Plaintiff,

v

KENNETH JOHNSON,

        Defendant-Appellee,

and

ESURANCE INSURANCE COMPANY,

        Defendant.

UNPUBLISHED
September 12, 2017

No. 332333
Wayne Circuit Court
LC No. 14-009571-NI

Before: TALBOT, C.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

In this tort action for noneconomic damages under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right an order of dismissal. Previously, the trial court granted defendant Kenneth Johnson's motion for summary disposition; plaintiff now challenges that order. We affirm.

Plaintiff contends that the trial court erred both in determining that restrictions resulting from her injuries were self-imposed, and that a genuine issue of fact did not exist regarding her general ability to lead a normal life. We disagree.

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In

-1-

evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 MW2d 817 (1999).

Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "While it is true that the trial court must consider affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, the nonmoving party may not rely on mere allegations or denials, but must set forth specific facts that show that a genuine issue of material fact exists." *Bennett v Detroit Police Chief*, 274 Mich App 307, 318; 732 NW2d 164 (2006).

Subject to a number of statutory exceptions, Michigan's no-fault act abolished tort liability "arising from the ownership, maintenance, or use" of a motor vehicle. MCL 500.3135(3). One of those exceptions is MCL 500.3135(1), which provides that "[a] person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of a body function, or permanent serious disfigurement." MCL 500.3135(7) provides that "'serious impairment of body function' means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life."

In *McCormick v Carrier*, 487 Mich 180; 795 NW2d 517 (2010), the Michigan Supreme Court announced a three-prong test for determining whether a plaintiff had sustained a serious impairment of a body function under MCL 500.3135. *McCormick*, 487 Mich at 195. To show such an impairment, a plaintiff must establish "(1) an objectively manifested impairment (2) of an important body function that (3) affects the person's general ability to lead his or her normal life." *Id*. An impairment affects a person's general ability to lead a normal life if it has "an influence on some of the person's capacity to live in his or her normal manner of living." *Id*. at 202. In order to determine whether the impairment in question has affected a person's ability to lead a normal life requires a comparison of the person's life before and after the incident in question. *Id*. This is a subjective, case specific inquiry, which does not require a specific temporal showing or a "quantitative minimum as to the percentage of a person's normal manner of living that must be affected." *Id*. at 203. Rather, there must be evidence presented showing "some of the person's *ability* to live in his or her normal manner of living has been affected, not that some of the person's normal manner of living has itself been affected." *Id*. at 202. This showing merely requires that the "person's general ability to lead his or her normal life has been *affected*, not destroyed." *Id*.

The trial court concluded that there was no genuine issue of material fact as to the third prong:

> Relative to Ms. Turner, the Court notes, as has been outlined in the brief, that she continued to drive. She missed only one day of work. In terms of her employment, she's highly successful in her career, continues to be highly

successful in her career. Her other interest of the ministry, she continued to do that. There are no restrictions placed on her. Taking the evidence in a light most favorable to a non-moving party, the Court feels that this is--it does fall short of that which is needed to take it to a jury, in that her ability to lead a normal--her general ability to lead a normal life has not been shown to be impacted, to the extent that would rise to a serious impairment of a body function.

We agree that no genuine issue of material fact exists regarding whether plaintiff's injuries affected her general ability to lead her normal life. See *McCormick*, 487 Mich at 195. As the trial court concluded, the only evidence of restrictions on plaintiff's activities is that the restrictions were self-imposed. While Dr. Rizwan Qadir may have recommended restrictions on plaintiff's activities, the evidence does not support a conclusion that she was unable to engage in those activities. As defendant points out, the independent medical examination (IME) yielded different findings than those of plaintiff's doctor, to the extent that Dr. Steven Arbit asserted that plaintiff's complaints were subjective and unsupported, but this does not alter our conclusion.

Affirmed. Defendant may tax costs.


/s/ Michael J. Talbot
/s/ David H. Sawyer

-3-