# STATE OF MICHIGAN

# COURT OF APPEALS

TAMARA WOODRING,

        Plaintiff-Appellee,

v

PHOENIX INSURANCE COMPANY,

        Defendant-Appellant.

FOR PUBLICATION
June 28, 2018

No. 324128
Muskegon Circuit Court
LC No. 14-049544-NI

Before: RONAYNE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

RIORDAN, J. (*dissenting*)

I respectfully dissent.

In this action under the no-fault act, MCL 500.3101 *et seq*., defendant appeals by leave granted[1] the trial court's order denying defendant's motion for summary disposition and granting summary disposition in favor of plaintiff. I would reverse the trial court's order and remand with instructions to enter summary disposition in favor of defendant.

Plaintiff fell and was injured while outside of her insured vehicle at a carwash. She sought no-fault benefits from defendant, which were denied. Plaintiff sued, claiming that defendant wrongfully refused to pay the claim. Defendant contended that plaintiff's claim was barred by the parked vehicle exception to the no-fault act, MCL 500.3106(1). Plaintiff responded that she was injured while performing maintenance to her vehicle, MCL 500.3105(1), so her claim was not affected by the parking exception. The trial court ultimately agreed with plaintiff and granted summary disposition in her favor. This appeal followed.

"This Court [] reviews de novo decisions on motions for summary disposition brought under MCR 2.116(C)(10)." *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of

---

[1] We originally denied defendant's application for leave to appeal. *Woodring v Phoenix Ins Co*, unpublished order of the Court of Appeals, entered March 3, 2015 (Docket No. 324128). The Michigan Supreme Court later remanded this case to us to consider as on leave granted. *Woodring v Phoenix Ins Co*, 501 Mich 883; 901 NW2d 887 (2017).

-1-

the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." MCL 500.3105(1). Our Supreme Court has held that the plain language of MCL 500.3105(1) "shows that the Legislature . . . chose to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986). See also *Putkamer v Transamerica Ins Co of America*, 454 Mich 626, 634-635; 563 NW2d 683 (1997).

Disregarding the convoluted litany of case law discussed by the parties and the majority regarding whether a person washing their car is conducting maintenance and thus exempted from the parked vehicle exception, summary disposition plainly should have been granted in favor of defendant because there was no question of fact that the causal connection between plaintiff's injuries and her automobile was merely incidental. See *Thornton*, 425 Mich at 659. Plaintiff slipped and fell due to a condition on the land—the floor of the carwash was slippery or icy. The fact that she may have been washing her vehicle at the time that she may have stumbled upon the allegedly dangerous condition on the land was, without question, "incidental, fortuitous, or 'but for.' " *Id.* Thus, pursuant to the Court's holding in *Thornton*, 425 Mich at 659, summary disposition was required in favor of defendant.

I would reverse and remand for entry of an order granting summary disposition in favor of defendant.[2]

/s/ Michael J. Riordan

---

[2] Our Supreme Court decided similarly on the same grounds in *Williams v Pioneer State Mut Ins Co*, 497 Mich 875-876; 857 NW2d 1 (2014), wherein the Court reversed a decision of this Court involving an insured sustaining injury caused by a falling tree branch when entering her car. Although plaintiff in this case makes no argument that she was entering her car, the panel in *Williams v Pioneer State Mut Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued February 6, 2014 (Docket No. 311008), p 5 n 5, alternatively relied on the fact that the insured was conducting maintenance on her car immediately preceding the injury when she was removing other branches from her car. Despite that reasoning, the Michigan Supreme Court still reversed because the causal connection between the insured's injuries and vehicle was too tenuous. *Williams*, 497 Mich at 875-876. I would hold similarly in this case.