*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN AMENSON,

        Plaintiff-Appellee,

v

DEPARTMENT OF STATE POLICE,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2019

No. 344680
Oakland Circuit Court
LC No. 2016-155565-CD

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

In this action alleging claims of employment discrimination under Title I of the Americans with Disabilities Act (ADA), 42 USC 12111 *et seq.*, and the Persons with Disabilities Civil Rights Act (PWDCRA), 37.1101 *et seq.*, defendant appeals the trial court's opinion and order denying defendant summary disposition of the ADA claims on the grounds of sovereign immunity. For the reasons stated below, we conclude that defendant is entitled to sovereign immunity with respect to the ADA claims. Accordingly, we reverse that part of the trial court's opinion and order and remand for further proceedings.[1]

This case arises out of plaintiff's claim that defendant failed to accommodate his anosmia, i.e., a permanent loss of the sense of smell. Plaintiff had been a State Police Trooper for about 15 years when he fractured his skull in an off-work incident and lost his sense of smell as a result. Defendant considers the ability to smell to be an essential job function for a Trooper. According to plaintiff, after it became clear that his loss of smell was permanent, he was "forced" to retire.

---

[1] We review de novo a trial court's decision to deny summary disposition. *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). Whether an entity is entitled to sovereign immunity is a question of law, which we also review de novo. See *Co Road Ass'n of Mich v Governor*, 287 Mich App 95, 118; 782 NW2d 784 (2010).

Plaintiff brought suit alleging two counts of discrimination under the ADA and one count of discrimination under the PWDCRA. In September 2017, defendant moved for summary disposition under MCR 2.116(C)(7) (immunity), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). Relevant to this appeal, defendant argued that plaintiff's ADA claims fell under Title I[2] and were therefore barred by sovereign immunity per the United States Supreme Court's holding in *Bd of Trustees of Univ of Alabama v Garrett*, 531 US 356; 121 S Ct 955; 148 L Ed 2d 866 (2001). In response, plaintiff agreed that his ADA claims were governed by Title I, but argued that they were not barred because state courts have concurrent jurisdiction with federal courts over such claims.

The trial court agreed with plaintiff and denied defendant summary disposition on sovereign immunity grounds. The trial court also denied defendant summary disposition on the merits, finding that plaintiff established material questions of fact for trial regarding his ADA and PWDCRA claims.

Defendant's appeal is limited solely to the issue of whether the trial court erred by not granting summary disposition of the ADA claims on the basis of sovereign immunity.

"The State, as sovereign, is immune from suit save as it consents to be sued, and any relinquishment of sovereign immunity must be strictly interpreted." *Manion v State*, 303 Mich 1, 10; 5 NW2d 527 (1942). In addition to common law sovereign immunity,[3] states are protected by the Eleventh Amendment from suit in either federal or state court for claimed violations of federal law *unless* Congress abrogated the states' sovereign immunity pursuant to a valid exercise of power.[4] See *Alden v Maine*, 527 US 706, 712-713; 119 S Ct 2240; 144 L Ed 2d 636 (1999); *Seminole Tribe of Florida v Florida*, 517 US 44, 55; 116 S Ct 114; 134 L Ed 2d 252

---

[2] Title I of the ADA addresses employment discrimination. *Tennessee v Lane*, 541 US 509, 516; 124 S Ct 1978; 158 L Ed 2d 820 (2004).

[3] See e.g., *Magnolia Venture Capital Corp v Prudential Securities, Inc*, 151 F3d 439, 443 (CA 5, 1998) ("[A] state may waive its common law sovereign immunity without waiving its Eleventh Amendment immunity under federal law.").

[4] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. [US Const, Am XI.]

"Although by its terms the Amendment applies only to suits against a State by citizens of another State, [United States Supreme Court] cases have extended the Amendment's applicability to suits by citizens against their own States." *Garrett*, 531 US at 363. Under the Eleventh Amendment, "States and arms of the State possess immunity from suits authorized by federal law." *Northern Ins Co of New York v Chatham Co, Ga*, 547 US 189, 193; 126 S Ct 1689; 164 L Ed 2d 367 (2006).

(1996). In *Garrett*, 531 US at 360, the United States Supreme Court held that Congress lacked the constitutional authority to subject states, otherwise immune, to private suits for damages under Title I of the ADA.

Given that holding, plaintiff now agrees that defendant has sovereign immunity against claims for money damages under Title I. However, plaintiff contends that he still may seek injunctive relief for the alleged ADA violation. Plaintiff relies solely on a footnote in *Garrett*, which despite holding that states were immune from suits seeking damages, went on to say that private individuals could enforce Title I of the ADA "in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908)." *Garrett*, 531 US at 374 n 9. On the basis of this statement, plaintiff argues that defendant is subject to a suit for injunctive relief. However, this case is outside the scope of *Ex parte Young*.

In *Ex parte Young*, "the Supreme Court defined an exception to Eleventh Amendment immunity for claims for injunctive relief *against individual state officials in their official capacities*." *Carten v Kent State Univ*, 282 F3d 391, 395 (CA 6, 2002) (emphasis added). The exception "is limited to that precise situation, and does not apply when the state is the real, substantial party in interest . . . ." *Virginia Office for Protection and Advocacy v Stewart*, 563 US 247, 255; 131 S Ct 1632; 179 L Ed 2d 675 (2011). Because plaintiff is suing a state department and not an individual state official, the *Ex parte Young* exception is inapplicable. Thus, defendant also has sovereign immunity from a suit seeking injunctive relief under Title I of the ADA.[5]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro

---

[5] Given that ruling, we need not address defendant's alternative argument that circuit courts lack subject-matter jurisdiction over ADA claims brought against the state. We note, however, that the trial court's reliance on *Peden v Detroit*, 470 Mich 195; 680 NW2d 857 (2004), was misplaced. In *Peden*, the Supreme Court noted that "[p]laintiff's federal ADA claim is properly before this Court because state courts enjoy concurrent jurisdiction over such claims." *Id*. at 201 n 4. But *Peden* is not relevant to the sovereign immunity issue because the defendant in that case was a city and municipalities are not protected by Eleventh Amendment immunity. *See Mays v Snyder*, 323 Mich App 1, 85; 916 NW2d 227 (2018).