*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINA ZINK,

Plaintiff-Appellant,

UNPUBLISHED
November 08, 2024
9:56 AM

v

No. 367682
Genesee Circuit Court
LC No. 21-116109-CD

GENESEE INTERMEDIATE SCHOOL DISTRICT
and JAN COX,

Defendants-Appellees.

Before: GADOLA, C.J., and SWARTZLE, and LETICA, JJ.

PER CURIAM.

Plaintiff, Christina Zink, appeals as of right the trial court's order granting defendants summary disposition under MCR 2.116(C)(7) on the basis that plaintiff's claim under The Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, is barred by the statute of limitations. We affirm.

## I. FACTS

Plaintiff was employed by defendant, Genesee Intermediate School District, as a special education teacher from 2016 until she resigned in 2021. Defendant Jan Cox is the principal of the building in which plaintiff worked. On January 27, 2020, one of the students in plaintiff's classroom became violent. He reportedly attempted to choke himself, verbally threatened to kill staff with a gun, assaulted staff, and attempted to take a taser from the school resource officer responding to the incident.

Plaintiff alleged that after the incident she repeatedly communicated to Cox that the student should not be returned to the classroom at that time without a further plan to address the student's behavior. Cox apparently disagreed, and the student was returned to the classroom. Plaintiff thereafter contacted her union representative with her concerns, met repeatedly with Cox regarding the student, and filed an internal complaint alleging that Cox was violating the school's policy in her discipline of the student. Plaintiff alleged that on March 6, 2020, she was contacted by Cox's supervisor to attend a "pre-corrective action" meeting to discuss the school district's concerns

-1-

about plaintiff. Plaintiff alleged that thereafter defendants harassed and retaliated against her, concluding with a final interaction with defendants on May 21, 2021. On June 7, 2021, plaintiff submitted her resignation, effective August 10, 2021.

Plaintiff filed her complaint initiating this lawsuit on August 26, 2021. Defendants moved for summary disposition under MCR 2.116(C)(7), asserting that plaintiff's claim was barred by the statute of limitations. Defendants argued that plaintiff filed her complaint August 26, 2021, and that any allegation based upon action taken before May 26, 2021 therefore was barred by the 90-day statute of limitations set forth in MCL 15.363(1). At the conclusion of the hearing on the motion, the trial court granted defendants summary disposition under MCR 2.116(C)(7). The trial court found that plaintiff's claim was barred by the statute of limitations, but without prejudice to plaintiff amending her complaint. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendants summary disposition under MCR 2.116(C)(7) on the basis that her claim is barred by the statute of limitations. Plaintiff argues that her claim did not accrue until she was constructively discharged on August 10, 2021, and that her complaint therefore was timely filed on August 26, 2021, within the 90-day period of limitation provided by MCL 15.363(1). We disagree.

We review de novo the trial court's decision to grant or deny summary disposition. *Ottgen v Katranji*, 511 Mich 223, 230; 999 NW2d 359 (2023). When reviewing a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7), this Court considers all documentary evidence and accepts the complaint as factually accurate unless it is specifically contradicted by affidavits or other appropriate documents. *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). If there is no factual dispute, whether a cause of action is barred by the statute of limitations is a question of law that this Court reviews de novo. *Pace v Edel-Harrelson*, 499 Mich 1, 5; 878 NW2d 784 (2016). This Court similarly reviews de novo the interpretation of the WPA. *Id.*

The WPA prohibits an employer from taking adverse employment action against an employee who reports, or is about to report, to a public body either verbally or in writing, a violation of law or a suspected violation of law. *Green v Pontiac Public Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7. Section 2 of the WPA, MCL 15.362, provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

To establish a prima facie case of violation of MCL 15.362, the plaintiff must demonstrate that he or she was (1) engaged in protected activity as defined by the act, (2) was discharged or discriminated against, and that (3) there is a causal connection between the protected activity and the discharge or adverse employment action. *Pace*, 499 Mich at 6.

In this case, plaintiff claims that defendants violated MCL 15.362 by retaliating against her to the extent that they constructively discharged her. Constructive discharge occurs when an employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation or, stated differently, when working conditions become so difficult or unpleasant that a reasonable person in the employee's shoes would feel compelled to resign." *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 471; 957 NW2d 377 (2020).

Importantly, constructive discharge is not itself a cause of action, but rather is a defense against the argument that a plaintiff left employment voluntarily. *Id.* (discussing constructive discharge in the context of the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq*.). Further, constructive discharge is distinct from discriminatory discharge; a claim of discriminatory discharge accrues at the time of discharge, but an allegation of constructive discharge, which is not a cause of action, accrues at the time the conduct leading to the constructive discharge occurred.[1] *Joliet v Pintoniak*, 475 Mich 30, 31-32; 715 NW2d 60 (2006).

An action for relief under the WPA must be filed within 90 days after the occurrence of the alleged violation of the act. MCL 15.363(1) provides:

> (1) A person who alleges a violation of this act may bring a civil action for appropriate injunctive relief, or actual damages, or both within 90 days after the occurrence of the alleged violation of this act.

A claim alleging violation of the WPA accrues when the retaliatory or discriminatory acts occur, which is consistent with the general rule regarding statutes of limitation that a claim accrues at "the time the wrong upon which the claim is based is done regardless of the time when damage results." *Joliet*, 475 Mich at 36, 41, citing MCL 600.5827.

In this case, plaintiff alleged that after she reported that Cox was failing to follow school policies, defendants retaliated against her with disciplinary and harassing measures that ultimately led her to resign. She contends that the last retaliatory measure occurred on May 21, 2021, that she submitted her resignation on June 7, 2021, effective August 10, 2021, and that she filed her complaint initiating this lawsuit on August 26, 2021. Defendants argue, and the trial court found, that plaintiff's claim is barred by the WPA's 90-day statute of limitations because there is no dispute that the alleged adverse employment actions occurred at the latest on May 21, 2021, more than 90 days before plaintiff filed her complaint.

---

[1] Although on appeal plaintiff refers to her claim as one of "wrongful termination," because constructive discharge is not itself a cause of action, under the facts of this case her claim only can be that defendants engaged in adverse employment action against her resulting in her resignation.

Plaintiff argues that her claim accrued at the time she left her employment with defendant. This argument was rejected by our Supreme Court in *Joliet*, which determined:

> We agree with the *Jacobson* [*v Parda Fed Credit Union*, 457 Mich 318; 577 NW2d 881 (1998)] majority that a constructive discharge is not a cause of action, but simply the culmination of alleged wrongful actions that would cause a reasonable person to quit employment. Constructive discharge is a *defense* that a plaintiff interposes to preclude the defendant from claiming that the plaintiff voluntarily left employment. *Jacobson*, *supra* at 321 n 9. The resignation itself does not constitute a separate cause of action. *Id*.
>
> However, notwithstanding the conclusion that a constructive discharge is not a cause of action, *Jacobson* erroneously treated an *employee's* resignation as a violation of the WPA. Where the resignation is not itself an unlawful act perpetrated by the employer, it simply is not a "violation" of the WPA under the plain language of MCL 15.362, which prohibits discharge, threats, or other discrimination by the *employer*. We agree with the *Jacobson* dissent that in the context of a constructive discharge it is the *employer's* wrongful act that starts the period of limitations by causing the employee to feel compelled to resign, not the *employee's* response. [*Joliet*, 475 Mich at 41.]

Accordingly, in this case plaintiff's claim accrued, if at all, on the date of defendants' alleged wrongful act and not on the date she resigned from her employment with the school. Because plaintiff failed to allege a wrongful act occurring within 90 days before she filed her complaint, the trial court did not err by determining that the statute of limitations barred plaintiff's claim and defendants consequently were entitled to summary disposition.

Plaintiff also argues that her constructive discharge is an "adverse employment action" under the WPA for purposes of ascertaining the accrual date of the claim. As discussed, however, the Supreme Court in *Joliet* clarified that the constructive discharge itself is not a cause of action, nor is it an action by the employer, "but simply the culmination of alleged wrongful actions that would cause a reasonable person to quit employment." *Joliet*, 475 Mich at 41. As a result, "in the context of a constructive discharge it is the *employer's* wrongful act that starts the period of limitations by causing the employee to feel compelled to resign, not the *employee's* response." *Id*.

Plaintiff also argues that a claim for discriminatory discharge does not arise until the claimant has been discharged. See *Millar v Construction Code Authority*, 501 Mich 233, 239; 912 NW2d 521 (2018). Plaintiff in this case, however, does not allege discriminatory discharge; rather, plaintiff alleges constructive discharge. An employer's discriminatory discharge of an employee is specifically actionable under the WPA. See MCL 15.362. By contrast, constructive discharge is not an action by an employer; it is the employee's action in response to an alleged action by the employer that led to the employee resigning. A claim of discriminatory discharge accrues at the time of discharge, but an allegation of constructive discharge, which is not a cause of action, accrues at the time the conduct leading to the constructive discharge occurred. *Joliet*, 475 Mich at 31-32, 41. The trial court therefore did not err by determining that the statute of limitations barred plaintiff's claim and that defendants were entitled to summary disposition.

Affirmed.

/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Anica Letica