*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN, and PETER ARMSTRONG, SR.,

Plaintiffs-Appellants,

v

CITY OF GRAND RAPIDS,

Defendant-Appellee.

UNPUBLISHED
December 11, 2025
2:04 PM

No. 373417
Kent Circuit Court
LC No. 23-008846-CZ

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

This appeal arises from a dispute over the amount of time defendant, the City of Grand Rapids, estimated it would take to respond to a March 20, 2023 Freedom of Information Act (FOIA), MCL 15.231 *et seq.,* request submitted by plaintiffs, the American Civil Liberties Union of Michigan (ACLU) and Peter Armstrong, Sr. Plaintiffs appeal as of right the circuit court order granting summary disposition in favor of defendant under MCR 2.116(C)(10) (no genuine issue of material fact). Plaintiffs argue that the circuit court erred in its interpretation of FOIA and that defendant's delay in fulfilling plaintiffs' FOIA request was inconsistent with the text and purpose of FOIA. We affirm because to adopt the position sought by plaintiffs would have the effect of the judiciary rewriting a properly enacted statute.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 20, 2023, plaintiffs submitted a FOIA request to defendant seeking public records related to defendant's delays in fulfilling FOIA requests. In an April 14, 2023 response, defendant estimated that plaintiffs' FOIA request would take 2 hours and 15 minutes to process but that it would take 8 to 10 months to provide the records. Defendant requested a good-faith deposit of half the estimated $73.82 that it would cost to fulfill the request. Plaintiffs paid the good-faith deposit and filed an administrative appeal with defendant's Committee on FOIA Appeals, asserting that the delay of 8 to 10 months to provide records from a request that would take just over 2 hours to process constituted an excessive delay and constructive denial in violation of FOIA. The Committee rejected plaintiffs' administrative appeal on the basis that it lacked

-1-

jurisdiction, given that defendant's estimated time for fulfillment was not a denial of the request. Because plaintiffs' request had been granted, there was nothing to appeal.

Thereafter, plaintiffs filed a FOIA complaint asserting that a delay of 8 to 10 months to receive records from a FOIA request that would take 2 hours and 15 minutes to fulfill constructively denied their request. Plaintiffs acknowledged that FOIA did not give public bodies a specific time limit within which to fulfill requests. They contended, however, that the delay in the present case violated FOIA's requirement under MCL 15.233(3) that public bodies "furnish a requesting person a reasonable opportunity for inspection and examination of its public records." Although FOIA did not define "reasonable opportunity," plaintiffs asserted that other provisions providing strict guidelines for a public body's responses indicated that relatively prompt time lines were an aspect of reasonableness. Plaintiffs asserted that the public policy behind Michigan's FOIA was to ensure full and complete information regarding governmental affairs so that citizens could participate in the democratic process, MCL 15.231(2), and they alleged that withholding documents for 8 to 10 months prevented them from fully participating in that process. In answer, defendant generally denied plaintiffs' interpretation of FOIA, including that FOIA required requests to be fulfilled according to relatively prompt time lines.

Defendant produced the requested records on June 10, 2024. Two weeks later, the parties filed cross-motions for summary disposition. Plaintiffs moved for summary disposition under MCR 2.116(C)(10), and defendant moved under MCR 2.116(C)(8) (failure to state a claim) and (C)(10). The core of the parties' dispute was whether FOIA provisions identifying FOIA's public policy and imposing strict deadlines on certain actions by a public body could be read to indicate legislative intent that FOIA requests be fulfilled promptly, notwithstanding the absence of an express provision providing a time frame for fulfillment. And, if so, whether the FOIA request in the present case was timely fulfilled.

The circuit court issued a written opinion and order after oral argument. The circuit court determined that the right that requestors had under MCL 15.233(3) to "inspect, copy, or receive" copies of public records, and the requirement for public bodies to give requestors a "reasonable opportunity" for inspection and examination, did not apply to plaintiffs' request. The court further determined that the public policy articulated in MCL 15.231(2) indicated the Legislature's intent to ensure that responses were "full and complete," even if they were delayed because of the complexity of the request or the need to fulfill older requests first. The court rejected plaintiffs' implication that they were entitled to relief under MCL 15.240(7), observing that plaintiffs had not asserted that defendant acted arbitrarily or capriciously. The court also rejected plaintiffs' reliance on federal cases to argue that Michigan's FOIA required the reasonably prompt fulfillment of requests. The court noted that, although federal caselaw was instructive in FOIA cases, courts were required to analyze Michigan's FOIA according to its own terms. The federal cases upon which plaintiffs relied interpreted a provision of the federal FOIA, 5 USC 552(a)(6), for which there was no analogue in the Michigan FOIA. The circuit court granted defendant's motion for summary disposition and dismissed plaintiffs' complaint with prejudice. Plaintiffs now appeal.

## II. DISCUSSION

Plaintiffs contend that Michigan's FOIA, when read as a whole and in light of its pro-disclosure purpose, requires public bodies to fulfill requests within a reasonable time. Plaintiffs

argue, therefore, that the trial court erred when it failed to determine that the public policy articulated in MCL 15.231(2) required both complete and full disclosure and timeliness, as well as when it determined that MCL 15.233(3) did not require defendant to provide plaintiffs with a "reasonable opportunity" to receive copies of the requested records. We disagree.

The circuit court granted summary disposition in favor of defendant under MCR 2.116(C)(10). This Court reviews de novo both a circuit court's decision on a motion for summary disposition, *Stanley v Detroit*, 347 Mich App 117, 126; 14 NW3d 197 (2023), and "whether the trial court properly interpreted and applied the FOIA," *Mich Open Carry, Inc v Dep't of State Police*, 330 Mich App 614, 621; 950 NW2d 484 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

The relevant facts in the present case were undisputed. All parties agreed that defendant took 13 months to fulfill a FOIA request that needed only 3 hours and 30 minutes to process. They also agreed that, although FOIA contains deadlines for other actions, FOIA does not contain a strict deadline for the fulfillment of FOIA requests. Resolution of this matter turns on the interpretation of FOIA provisions. "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language. The first step in that determination is to review the language of the statute itself." *American Civil Liberties Union of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 8; 983 NW2d 300 (2022) (quotation marks and citation omitted). Courts may not speculate as to the Legislature's intent beyond the language expressed in the statute. *In re MCI Telecommunications Complaint*, 460 Mich 396, 414-415; 596 NW2d 164 (1999). If the plain language of a statute is clear and unambiguous, then this Court presumes that the Legislature intended the meaning expressed in the statute. See *Pace v Edel-Harrelson*, 499 Mich 1, 7; 878 NW2d 784 (2016); *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 136; 892 NW2d 33 (2016). "When statutory language is unambiguous, no further judicial construction is required or permitted because the Legislature is presumed to have intended the meaning it plainly expressed by the words it chose." *American Civil Liberties Union of Mich*, 509 Mich at 8.

Plaintiffs do not cite, nor have we found, any binding authority addressing the time within which a public body must fulfill a request for public records under Michigan's FOIA. Certain remedies are available if a public body "has arbitrarily and capriciously violated [FOIA] by refusal or *delay* in disclosing or providing copies of public records . . . ." MCL 15.240(7) (emphasis added). However, plaintiffs have not alleged that defendant acted arbitrarily and capriciously. As plaintiffs readily conceded in the trial court, there is no express provision in Michigan's FOIA that gives public bodies a specific time limit within which to fulfill requests.

We find no error in the circuit court's determination that the public policy articulated in MCL 15.231(2) stresses that eligible persons are entitled to the full and complete disclosure of nonexempt public records, but it does not indicate a time frame within which those records must be disclosed. We also agree that MCL 15.233(3) did not apply to plaintiffs' request. MCL 15.233(3) provides as follows:

> A public body shall furnish a requesting person *a reasonable opportunity for inspection and examination of its public records*, and *shall furnish reasonable facilities for making memoranda or abstracts* from its public records during the usual business hours. A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference with the discharge of its functions. A public body shall protect public records from loss, unauthorized alteration, mutilation, or destruction. (emphasis added).

This Court has interpreted MCL 15.233(3) to apply to the time allowed and the setting provided for the personal inspection, examination, and copying of public records. See *Cashel v Regents of Univ of Mich*, 141 Mich App 541, 549; 367 NW2d 841 (1985) ("The right to inspect created by FOIA seems to envision a brief perusal of certain files, followed by a request for copies of specific records found during this search."). Plaintiffs did not request to inspect, examine, or copy records in an environment provided by and controlled by defendant. Plaintiffs' request did not trigger a concern addressed in MCL 15.233(3). Therefore, the trial court did not err by concluding MCL 15. 233(3) was inapplicable.

The only provision addressing a time frame for fulfillment of a FOIA request that will cost more than $50 is MCL 15.234(8). When a public body's fulfillment of a record request exceeds $50, MCL 15.234(8) authorizes the public body to request a good-faith deposit of half the estimated cost, and it requires the public body to provide a nonbinding, good-faith "best efforts estimate" of the "time frame it will take the public body to comply with the law in providing the public records to the requestor." There is no dispute that defendant followed this procedure.

Plaintiffs assume that FOIA implies legislative intent for requests to be fulfilled within a reasonable time, i.e., "promptly." Plaintiffs urge this Court to "establish a rebuttable presumption that a public body fulfill—or at least *begin* fulfilling—a FOIA request within 30 days of the requestor's deposit in order to provide requestors a 'reasonable opportunity' to access public records and participate in" the democratic process. Plaintiffs also suggest that this Court might wish to set 90 days as a firm deadline by which productions must be complete, barring extraordinarily exceptional circumstances. However, given that Michigan's FOIA does not now contain a deadline within which public bodies must fulfill FOIA requests, and considering that plaintiffs have identified no ambiguities in the statutory language that require clarification, plaintiffs are essentially asking this Court to disregard MCL 15.234(8) and to impose deadlines that the Legislature has not seen fit to impose. Not only must clear statutory language be enforced as written, *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012), but a court "may not rewrite the plain statutory language or substitute its own policy decisions for those decisions already made by the Legislature," *Flynn v Ottawa Co Dep't of Pub Health*, 344 Mich App 709, 716; 1 NW3d 853 (2022) (quotation marks and citation omitted).

Plaintiffs have not shown that the circuit court erred by granting summary disposition in favor of defendant.

Affirmed.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney