*In re* WOJTASIAK.

1. INSANE PERSONS—STATUTES—COMMITMENT.
   Strict compliance with statute relative to persons mentally ill must be had in proceedings for their commitment (CLS 1961, §§ 330.21, 330.68).

2. SAME—COMMITMENT—STATUTES—ATTORNEY AND CLIENT.
   Habeas corpus petitioner who had been transferred from prison to State mental hospital before expiration of sentence for crime of taking indecent liberties and therein retained after expiration of sentence pursuant to proceedings in probate court at which the 2 physicians required by statute had filed

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insane Persons § 41 *et seq.*
[2] 29 Am Jur, Insane Persons §§ 52, 53.

certificates but were not produced in court for cross-examination, and at which there was a claimed denial of constitutional rights in that there had not been appointed either a guardian *ad litem* or an attorney for petitioner nor had he been advised of his right to a trial by jury, is ordered discharged from the hospital within 5 days unless retention proceedings are commenced at which petitioner shall be accorded counsel, and all statutory rights under present commitment statute shall be afforded him (CLS 1961, §§ 330.21, 330.66, 330.68).

Habeas corpus by Raymond A. Wojtasiak against A. A. Brizgalis, medical superintendent of Ionia State Hospital, to test legality of retention as an insane criminal. Submitted February 3, 1965. (Calendar No. 75, Docket No. 51,101.) Petition granted May 11, 1965. Petitioner discharged *nisi* and granted hearing under current constitutional safeguards if application for further retention is filed.

*Harry H. Gemuend,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Luke Quinn,* Assistant Attorney General, for defendant.

KELLY, J. On May 27, 1942, petitioner was sentenced by the recorder's court of Detroit, Michigan, to the State prison for southern Michigan for a term of 5 to 10 years for the crime of indecent liberties. While so imprisoned it was determined that petitioner was suffering from mental disease and in August, 1949, he was transferred to Ionia State Hospital in accordance with PA 1923, No 151, § 56 (CL 1948, § 330.66 [Stat Ann 1956 Rev § 14.854]).

Upon expiration of petitioner's sentence on December 20, 1949, an application for his recommitment and retention was made to the probate court of Ionia county by the medical superintendent of the Ionia State Hospital in accordance with PA 1923, No 151, § 58 (CL 1948, § 330.68 [Stat Ann 1956

Rev § 14.856]). On January 11, 1950, at a session of the probate court for the county of Ionia, it was determined that petitioner was insane and it was ordered that he be retained in Ionia State Hospital.

On June 4, 1964, petitioner's petition for habeas corpus in the circuit court of Ionia county was denied. Petitioner then petitioned for a writ of habeas corpus in this Court alleging that he was denied a trial by jury and the assistance of counsel during his sanity hearing. Such petition was granted and counsel ordered appointed.

The counsel appointed for petitioner contends that: "Petitioner was deprived of the statutory rights specifically granted to him under the statute," CL 1948, § 330.68 (Stat Ann 1956 Rev § 14.856), and that the petitioner "had no money, property or means and that no guardian *ad litem* was appointed for him; that he had no attorney, relative or friend to represent him; that he had no voice in the hearing and was not advised of his right to a trial by jury and that the two medical doctors who filed certificates in the proceedings were not present and offered no testimony and that he had no right of cross-examination and therefore he was not afforded his constitutional rights."

The statute[1] under which petitioner was committed provided in part as follows:

"In case the insanity of any criminal patient confined in the Ionia State Hospital shall continue after the expiration of his or her sentence the medical superintendent shall, within a period of 5 days after the expiration of such person's sentence, make application to the judge of probate of the county in which the institution is situated for an order to retain such person in the hospital until he or she is restored to reason, and shall also send a written

---

[1] CL 1948, § 330.68 (Stat Ann 1956 Rev § 14.856).

notice that he has made such application to 1 or more friends or relatives of the patient if their addresses be known and to the county clerk of the county from which such convict was sent. The judge of probate shall, upon receipt of said application, notify such alleged insane person and the attorney general, fixing the time and place of hearing to be held thereon, and it shall be the duty of such attorney general to act in behalf of the State; said judge of probate shall also call 2 legally qualified physicians, and in his discretion other credible witnesses, and if he certifies that satisfactory proof has been adduced showing the person examined to be insane he shall direct his or her retention in the Ionia State Hospital. The probate judge in such examination shall have power to compel the attendance of witnesses and shall file the certificates of the physicians taken under oath, and other papers, and enter the proper order in the journal of the probate court in his office."

The attorney general, for the respondent, states in his brief:

(a) "The language of  *  *  *  [the statute] *supra,* which states: 'said judge of probate shall also call 2 legally qualified physicians' must be considered in light of the language which provides: 'and shall file the certificates of the physicians taken under oath.' This latter language indicates that the statute contemplated the court taking the certificates under oath rather than calling the physicians to testify."

(b) That while the 2 doctors that examined petitioner did not appear before the court and testify, "that Dr. George H. Cook, assistant medical superintendent of Ionia State Hospital appeared at the hearing and gave oral testimony. It further appears that petitioner was present at the hearing and was subject to the observation of the court."

(c) That while petitioner was not represented by counsel, the hearing involved was not a criminal case and he had no right to have counsel appointed.

(d) That the statute here involved (unlike the statute[2] under consideration in *People* v. *Janek*, 287 Mich 563) did not provide that petitioner had a right to cross-examine the examining physicians.

(e) That "at the time of petitioner's commitment the statute did not provide for a trial by jury. This right was not established until 1956, when by PA 1956, No 135, [the statute] was amended to provide a jury of six freeholders, if demanded, to determine the issue of sanity."[3]

We have repeatedly held that in proceedings to commit persons as mentally ill the statute under which they are committed must be strictly complied with.

While it is probably true that petitioner was recommitted because both the probate judge and the assistant medical superintendent of Ionia State Hospital were convinced that said commitment would serve the best interests of both society at large and petitioner, yet we cannot agree with respondent's construction of the statute or respondent's conclusion that "petitioner was afforded his constitutional rights."

Accordingly, we are directing our clerk to immediately notify the probate judge and the medical superintendent of Ionia State Hospital that unless the medical superintendent shall, within a period of 5 days, make application to the judge of probate for an order to retain petitioner, said petitioner shall be discharged from said hospital. If said applica-

[2] See, currently, CLS 1961, § 767.27 (Stat Ann 1963 Cum Supp § 28.967).—REPORTER.

[3] This was done by incorporating by reference the provisions of section 11. See CLS 1961, §§ 330.68, 330.21 (Stat Ann 1963 Cum Supp §§ 14.856, 14.811).—REPORTER.

tion to retain said petitioner is made, then the probate judge shall forthwith set a date of hearing and appointed counsel shall represent petitioner and all rights of petitioner now granted under our present statute shall be afforded to said petitioner at rehearing.

T. M. KAVANAGH, C. J., and DETHMERS, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.