*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CHRISTIE LYNN JESTILA.

EMELEE DRIER,

      Petitioner-Appellee,

v

CHRISTIE LYNN JESTILA,

      Respondent-Appellant.

FOR PUBLICATION
January 26, 2023
9:15 a.m.

No. 362500
Benzie Probate Court
LC No. 20-000004-MI

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

SHAPIRO, J.

Respondent appeals as of right the probate court's order requiring her to adhere to mental health treatment. Respondent argues that her due-process rights were violated because she was not given proper notice of the hearing after which the order was entered. We agree and vacate the order for continuing mental health treatment.

## I. BACKGROUND

Respondent suffers from schizoaffective disorder—bipolar type, and in February 2022, a petition was filed seeking an order for continuing mental health treatment. The hearing on the petition was originally scheduled for February 24, 2022, and respondent was personally served with the petition and notice of hearing. For reasons that are unclear from the record, the hearing was repeatedly rescheduled. The first three times it was rescheduled respondent was sent the notice of hearing by first-class mail. After another rescheduling, the probate register sent an e-mail to a person named Heath Green asking if he would personally serve respondent at an upcoming medical appointment, noting that mail sent to respondent had been returned as undeliverable. But no proof of service was filed indicating that respondent was provided notice of the rescheduled hearing,

-1-

which was held on July 5, 2022. Respondent was absent for the hearing,[1] at which Dr. Jennifer Palamara testified that an order for continuing mental health treatment was necessary because respondent lacked insight into her illness and she would pose a risk to the community without medication. An order requiring another year of mental health treatment was entered after the hearing, and this appeal followed.

## II. DISCUSSION

Respondent argues that was she denied her right to due process of law because she did not receive proper notice of the July 5, 2022 hearing.[2] We agree.[3]

Respondents in civil commitment proceedings enjoy due-process rights. *In re Moriconi*, 337 Mich App 515, 527; 977 NW2d 583 (2021). "Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard." *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 712; 967 NW2d 890 (2021). Notice must "be reasonably calculated to apprise interested parties of the action and to provide them an opportunity to be heard." *Sidun v Wayne Co Treasurer*, 481 Mich 503, 515; 751 NW2d 453 (2008) (quotation marks and citation omitted). This Court has previously held that "the procedures embodied in the Mental Health Code satisfy due process guarantees." *In re KB*, 221 Mich App 414, 421; 562 NW2d 208 (1997).

---

[1] Respondent submitted an affidavit on appeal attesting that she did not receive any notice of the July 5, 2022 hearing date until an 8:52 a.m. text message the day of the hearing from her attorney asking if respondent would be attending the 9:00 a.m. hearing. We do not consider respondent's assertions as dispositive of the issue before us. Nonetheless, we exercise our discretion to consider the affidavit under MCR 7.216(A)(4), which "permit[s] . . . additions to the . . . record[.]" See *People v Posey*, 334 Mich App 338, 364 n 6; 964 NW2d 862 (2020).

[2] Petitioner has not filed an appellee brief in this appeal.

[3] "Whether a person has been afforded due process is a question of law that is reviewed de novo." *In re Moroun*, 295 Mich App 312, 331; 814 NW2d 319 (2012). "In order to properly preserve an issue for appeal, a [party] must raise objections at a time when the trial court has an opportunity to correct the error . . . ." *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006) (quotation marks and citation omitted). "The purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice, or to create a record of the error and its prejudice." *People v Mayfield*, 221 Mich App 656, 660; 562 NW2d 272 (1997). In this case, the probate register effectively raised the issue of whether respondent was being properly served with notice in an e-mail that was filed with the probate court. The e-mail informs that notices of hearing sent to respondent were being returned as undeliverable and that respondent should be personally served. Considering the purpose of the preservation requirement, as well as the liberty interest at issue, we conclude that this issue should be deemed preserved for our review.

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *In re Portus*, 325 Mich App 374, 382; 926 NW2d 33 (2018). The process for "obtaining continuing orders of hospitalization or other forms of treatment based on a person's mental illness are contained in various provisions of Chapter 4 of the Mental Health Code, MCL 330.1400 *et seq.*" *Id.* A respondent has the right to be present at a civil commitment hearing. See MCL 330.1453(2). Notice of a hearing on a civil commitment petition is governed by section 453 of the Mental Health Code, which provides in relevant part:

> The court shall cause notice of a petition and of the time and place of any hearing to be given to the subject of the petition, his or her attorney, the petitioner, the prosecuting or other attorney provided for in section 457, the hospital director of any hospital in which the subject of a petition is hospitalized, the spouse of the subject of the petition if his or her whereabouts are known, the guardian, if any, of the subject of the petition, and other relatives or persons as the court may determine. Notice shall be given at the earliest practicable time and sufficiently in advance of the hearing date to permit preparation for the hearing. [MCL 330.1453(1).]

Service of papers in civil commitment proceedings is governed by MCR 5.734, which provides in relevant part:

> (A) Service of Papers. When required by the Mental Health Code, the court must have the necessary papers served. The individual must be personally served. The individual's attorney also must be served.

> (B) Notice of Subsequent Petitions. The court must serve a copy of a petition for the second or continuing order of involuntary mental health treatment or petition for discharge and the notice of hearing on all persons required to be served with notice of hearing on the initial petition or application for hospitalization.

In this case, it is clear that the probate court did not comply with the notice and service requirements. Pursuant to MCR 5.734(A), a respondent must be served personally. The record shows that during the period of time when the hearing was repeatedly being rescheduled, respondent was served with notices of hearing by mail three times. At least two of these notices appear to have been returned as undeliverable. In any event, because personal service is required and because there is nothing in the record suggesting that respondent waived her right to personal service, these instances of attempted service by mail were in violation of MCR 5.734(A).

Those notices, however, concerned hearing dates that were rescheduled. This appeal primarily concerns whether respondent was properly notified of the July 5, 2022 hearing that actually occurred. It appears that the probate court stopped attempting to serve respondent by mail—which, as discussed, is insufficient under MCR 5.734(A)—because the notices were being returned as undeliverable. In a June 2, 2022 e-mail, the probate register requested that respondent receive personal service of the notice of hearing at an upcoming medical appointment. But there is simply nothing in the record to suggest that this occurred. First, there is no response to this e-mail that is found in the lower court record. Second, the proof of service of notice for the July 5,

-3-

2022 hearing does not list respondent as one of the parties that was served with notice *in any manner* that was reasonably calculated to apprise her of the hearing. Accordingly, there is no record basis to conclude that respondent was personally served with notice of the July 5, 2022 hearing as required by MCR 5.734(A), or that she was provided actual notice of the hearing.

For these reasons, we conclude that there was a wholesale failure by the probate court to comply with the notice and service requirements governing civil commitments, i.e., the procedural safeguards ensuring respondent's rights to be present and heard. This was a significant error that cannot be deemed harmless. The Michigan Supreme Court has held that civil commitment statutes must be strictly complied with. See *In re Wojtasiak*, 375 Mich 540, 544; 134 NW2d 741 (1965). This requirement should be obvious given the compelling liberty interest at stake. As the Illinois Court of Appeals has explained:

> Involuntary commitment affects very important liberty interests, and thus those seeking to keep an individual so confined must strictly comply with procedural safeguards included within the [Code]. These safeguards are included within the Code to ensure that the mental health system does not become an oppressive tool rather than a means to serve the society in which we live. The Code's procedural safeguards are not mere technicalities. Rather, they are essential tools to safeguard the liberty interests of respondents in mental health cases.
>
> * * *
>
> Procedural deficiencies and mistakes in mental-health cases suggest a lack of attention to process, and we reiterate the need for greater attention to detail in complying with the statutory requirements in these cases. As the Illinois Supreme Court recently stated . . . , "we remind our courts to be ever vigilant to protect against abuses of power and preserve the fundamental liberty interests of individuals subjected to involuntary-admission proceedings." [*In re Lance H*, 402 Ill App 3d 382, 386-390; 931 NE2d 734 (2010) (citations and some quotation marks omitted).[4]]

We find this reasoning equally persuasive and applicable when the petition seeks an alternative treatment order mandating adherence to a medication regimen or other outpatient treatment.

In sum, we conclude that respondent was denied her right to due process and that vacation of the continuing order of mental health treatment is required. See *Abbott v Howard*, 182 Mich App 243, 251; 451 NW2d 597 (1990) (holding that it would be manifestly unjust to enforce a judgment against a party "whose lack of notice of the hearing deprived him of his fundamental right to be heard."). Our decision is without prejudice to petitioner seeking a new or continuing order of mental health treatment.

---

[4] "Caselaw from sister states and federal courts is not binding precedent but may be relied on for its persuasive value." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

Vacated and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Sima G. Patel
/s/ Stephen L. Borrello