*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SS.

CAMERON WOLBRINK,

      Petitioner-Appellee,

v

SS,

      Respondent-Appellant.

UNPUBLISHED
August 10, 2023

No.     364488
Allegan Probate Court
LC No.   22-064014-MI

Before: YATES, P.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Respondent, SS, appeals as of right the probate court's order requiring respondent to involuntarily undergo mental-health treatment. Respondent challenges the probate court's order, arguing that the court failed to comply with MCL 330.1438, which requires two clinical certificates within 24 hours of involuntary hospitalization for mental-health treatment. Respondent further argues that she did not meet the statutory requirements for involuntary hospitalization and that the court should have considered alternative treatment options. We affirm.

## I. BACKGROUND

Respondent's husband brought her to urgent care due to concerns for her mental health. Petitioner, a social work clinician, signed a petition seeking involuntary treatment of respondent's mental illness. The petition alleged that respondent was an individual with mental illness, that her judgment was so impaired by mental illness that she was unable to attend to her basic physical needs or understand her need for treatment, and that her impaired judgement presented a substantial risk of significant harm to herself or others. The petition was provided to respondent, along with an explanation of rights, on Thursday, November 24, 2022 at 6:30 p.m.[1] Respondent was hospitalized based on the recommendation of the petition on Friday, November 25, 2022 at

---

[1] November 24, 2022 was Thanksgiving, which is a legal holiday.

12:15 a.m. The petition was filed with the probate court on Monday, November 28, 2022. The petition was accompanied by two clinical certifications. The first one was signed by Dr. Bibhas Singla, a psychiatrist, on November 25, 2022, at 10:40 a.m. The second certification was signed by Dr. Swapnil Rath, also a psychiatrist, on November 26, 2022 at 9:10 a.m.

On November 28, 2022, the court ordered OnPoint Allegan to prepare an assessment of the appropriateness of hospitalization or treatment options for respondent. The court held a hearing on the petition on December 6, 2022. Dr. Folabo Dare, a psychiatrist, was recognized as an expert. Dr. Dare testified that she diagnosed respondent with "[b]ipolar one disorder, current episode manic severe with psychotic features[,]" which is defined as a mental illness under the mental health code. Dr. Dare testified she observed that respondent had difficulty sleeping, and was tangential and disorganized. Dr. Dare stated that respondent did not believe that she had a mental illness, that she needed medication, or that she needed to be hospitalized for mental health treatment. Although respondent was taking a low dosage of medication so that she could be released from hospital, she refused to increase her medication dosage. Dr. Dare opined that respondent was taking a medically unsafe amount of thyroid medication because respondent did not understand her diagnosis and believed that her bipolar I disorder was related to her thyroid function. The psychiatrist opined that respondent was at risk of self-harm because "she [wa]s unsafely taking . . . her thyroid medication." Dr. Dare recommend that respondent remain hospitalized and that her medication continue to be titrated to remit her symptoms. Dr. Dare opined that this was the least restrictive form of treatment available.

Respondent testified on her own behalf, after which the court found by clear and convincing evidence that respondent was a person who required treatment under MCL 330.1401(1)(a) and MCL 330.1401(1)(c). The court ordered up to 60 days of hospitalization and up to 180 days of assisted outpatient treatment. This appeal followed.

## I. STANDARDS OF REVIEW

We review questions of law, including whether a party complied with a statute, de novo. *Natural Resources Defense Council v Dep't of Env't Quality*, 300 Mich App 79, 90; 832 NW2d 288 (2013). "This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). A probate court's factual finding is clearly erroneous if the "reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (cleaned up). A probate court abuses its discretion when it "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (cleaned up).

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law," *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016), because "[t]he trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel," *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). This Court reviews the court's factual findings for clear error. *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). This Court reviews the court's constitutional

determinations, such as whether a defendant's right to counsel was violated, de novo. *Matuszak*, 263 Mich App at 48.

Generally, an appellant must raise an issue in the lower court for it to be preserved for appellate review. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). We review an unpreserved claim of error, whether constitutional or nonconstitutional, for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).[2] "To establish plain error, [a respondent] must establish that (1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *People v Burger*, 331 Mich App 504, 516; 953 NW2d 424 (2020) (cleaned up).

## II. COMPLIANCE WITH MCL 330.1438

Respondent argues that the petition should have been immediately dismissed because, contrary to MCL 330.1438, petitioner failed to file two clinical certificates within 24 hours of respondent's hospitalization. We disagree. Because respondent did not raise this issue in the probate court, our review is for plain error. *Carines*, 460 Mich at 763-764.

An action "seeking an order of involuntary mental-health treatment under the Mental Health Code," MCL 330.1400 *et seq.*, "for an individual on the basis of mental illness" results in what is generally referred to as " 'civil commitment' proceedings." *In re Portus*, 325 Mich App at 382. This Court has "repeatedly held that in proceedings to commit persons as mentally ill the statute under which they are committed must be strictly complied with." *In re Wojtasiak*, 375 Mich 540, 544; 134 NW2d 741 (1965). If the plain and ordinary meaning of the language is clear, then judicial construction is neither necessary nor permitted. *Pace v Edel-Harrelson*, 499 Mich 1, 7; 878 NW2d 784 (2016).

An adult may initiate civil-commitment proceedings by either medical certification, MCL 330.1423 (admission by certification), or petition, MCL 330.1434(1) (admission by petition). Under MCL 330.1423, a petition may be presented to a hospital to hospitalize an individual for mental health treatment pending receipt of medical certification:

> A hospital designated by the department or by a community mental health services program shall hospitalize an individual presented to the hospital, pending receipt of a clinical certificate by a psychiatrist stating that the individual is a person requiring treatment, if a petition, a physician's or a licensed psychologist's clinical certificate, and an authorization by a preadmission screening unit have been executed. For an individual hospitalized under this section, a petition shall have been executed not

---

[2] Although "the plain-error rule of *Carines* does not apply to civil cases," *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ____ (2023) (Docket No. 359090); slip op at 5, the foregoing holding does not apply to civil commitment cases because, similar to termination of parental right cases, civil commitment cases present different constitutional considerations than traditional civil cases. See *id.* at ___; slip op at 5 n 3.

more than 10 days before the presentation of the individual to the hospital, and the petition must meet the conditions set forth in [MCL 330.1434(1) and (2)].

A respondent hospitalized under MCL 330.1423 may only be detained for 24 hours. MCL 330.1429(1). "During that time the individual must be examined by a physician or a licensed psychologist unless a clinical certificate has already been presented to the hospital." *Id*. "If the examining physician or psychologist executes a clinical certificate, the individual may be hospitalized under [MCL 330.1423]." *Id*. Thereafter, the individual must "be examined by a psychiatrist" no "later than 24 hours, excluding legal holidays, after hospitalization." MCL 330.1430. But "[t]he examining psychiatrist shall not be the same physician upon whose clinical certificate the patient was hospitalized." *Id*. "If the psychiatrist does certify that the patient is a person requiring treatment, the patient's hospitalization may continue pending hearings convened pursuant to [MCL 330.1451 to 330.1465]." *Id*.

In this case, petitioner signed the petition on November 24, 2022 and, pursuant to MCL 330.1423, respondent was hospitalized on November 25, 2022 at 12:15 a.m. The first clinical certification was signed by Dr. Singla, a psychiatrist, on November 25, 2022 at 10:40 a.m., which was within 24 hours after respondent was hospitalized and thus the requirements of MCL 330.1429(1) were met. The second clinical certification was signed by Dr. Rath, also a psychiatrist, on November 26, 2022 at 9:10 a.m., which was 33 hours after respondent was hospitalized and greater than the 24-hour maximum allotted by MCL 330.1430. Although the time discrepancy was only a short period, the 24-hour requirement is clear, and the failure of the trial court to enforce the statutory requirement was plain error. See *Carines*, 460 Mich. at 763; *In re Wojtasiak*, 375 Mich. at 544.[3]

Nonetheless, we conclude that the plain error did not affect respondent's substantial rights. A 9-hour discrepancy did not alter the clinical findings, petitioner's expert's testimony, or the timing of the petition hearing. Before the petition hearing, respondent was found to be mentally ill by two independent physiatrists. At the petition hearing, a third psychiatrist testified that respondent was mentally ill and capable of self-harm. Respondent also testified. Moreover, the probate court scheduled the petition hearing on the same day that it received the petition. Accordingly, the plain error was not outcome-determinative. See *Carines*, 460 Mich at 763.

---

[3] Respondent's reliance on MCL 330.1438 is misplaced. This case entailed an admission by medical certification under MCL 330.1423, not an admission by petition under MCL 330.1434, and a court order was not required to take respondent into protective custody and hold her until timely seen by a psychiatrist and released. Indeed, when an individual is admitted to a hospital under MCL 330.1423, the petition must comply with MCL 330.1434(1) and (2). But the remaining subsections of MCL 330.1434 and MCL 330.1438 are only applicable to an admission by petition.

## III. PERSON REQUIRING TREATMENT

Respondent argues that the probate court incorrectly determined that respondent was a "person requiring treatment" under MCL 330.1401(1)(a). We disagree.

Before a probate court may order an individual to undergo involuntary mental-health treatment, the probate court must make two determinations. See MCL 330.1468 and MCL330.1469(a). First, a probate court must find that an individual is a "person requiring treatment." *In re Portus*, 325 Mich App at 385. A "person requiring treatment" is defined as either of the following:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.

> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1).]

A " 'mental illness' means a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). A probate court's determination whether somebody is a person requiring treatment requires an assessment of (1) whether that person suffers from a mental illness and (2) the impacts that the mental illness has on the person's life or behavior. See MCL 330.1401. The court or a jury must find that a person requires treatment by clear and convincing evidence. MCL 330.1465. "Evidence is clear and convincing if it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established[.]" *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (cleaned up).

Respondent argues that there was minimal evidence supporting the probate court's finding that she had a mental illness. She maintains that her testimony established that she had a religious experience. As reflected in the clinical certificates that accompanied the petition, two independent psychiatrists personally examined respondent and diagnosed her with bipolar I disorder. A third psychiatrist, who also personally examined respondent, testified at the hearing that respondent's diagnosis was bipolar I disorder, which was a mental-health illness under the Mental Health Code.

-5-

We give broad deference to the probate court's credibility determinations "because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Portus*, 325 Mich App at 397 (cleaned up). The probate court did not clearly err by finding that clear and convincing evidence established that respondent had a mental illness.

Respondent further argues that, even if she had a mental illness, there was no evidence supporting the probate court's finding that she was at risk of self-harm. Dr. Dare testified she observed that respondent had difficulty sleeping, and was tangential and disorganized. She stated that respondent refused to increase her medication dosage and was only taking medication to get out of the hospital. Dr. Dare opined that respondent did not understand her diagnosis and believed that her bipolar I disorder was related to her thyroid function. Consequently, respondent was taking a medically unsafe amount of thyroid medication, which Dr. Dare opined placed respondent at risk of self-harm. The evidence showed that respondent could not attend to her basic needs, did not understand her diagnosis, and required intervention to avoid serious harm in the future. We conclude that the trial court had sufficient evidence to find that respondent was a "person requiring treatment" under MCL 330.1401(1)(a). Because we have no basis to reject the trial court's findings, we must uphold its conclusion that respondent is a "person requiring treatment" pursuant to the Mental Health Code.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent further argues that trial counsel was ineffective by failing to (1) assist respondent in deciding whether to pursue an independent evaluation and (2) obtain an expert to counter the testimony of petitioner's expert that respondent suffered from bipolar disorder. We disagree. Because this issue is not preserved, our review is for plain error. *Carines*, 460 Mich at 763-764.[4]

An individual "who is the subject of a petition for involuntary mental health treatment has a statutory right to be represented by counsel." *In re Londowski*, 340 Mich App 495, 504; 986 NW2d 659 (2022). The right to counsel guaranteed by the United States Constitution, US Const, Am VI, and the Michigan Constitution, Const 1963, art 1, § 20, includes the right to effective assistance of counsel. *In re Londowski*, 340 Mich App at 504-506. Our Supreme Court has adopted the standard for evaluating the effectiveness of counsel set out by the United States Supreme Court in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Pickens*, 446 Mich 298, 318; 521 NW2d 797 (1994). "Accordingly, the benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the process that it cannot be relied on to have produced a just result." *In re Londowski*, 340 Mich App at 515 (cleaned up). "First, the respondent must show that counsel's performance was deficient under an objective standard of reasonableness," which "requires showing that counsel made errors so serious that counsel was not functioning as the counsel

---

[4] A respondent must file a motion in the probate court for a new trial or an evidentiary hearing, *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012), or file a timely motion to remand in this Court, *People v Ginther*, 390 Mich 436, 444-445; 212 NW2d 922 (1973), to preserve an issue of ineffective assistance of counsel.

guaranteed by due process." *Id.* (cleaned up). Additionally, a counsel's performance must be measured without the benefit of hindsight. *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995). "Second, the respondent must show prejudice by demonstrating that counsel's errors were so serious as to deprive the [respondent] of a fair [hearing] . . . whose result is reliable." *In re Londowski*, 340 Mich App at 515 (cleaned up; alterations in original). However, "[e]ffective assistance of counsel is presumed, and a [respondent] bears a heavy burden of proving otherwise." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

The Mental Health Code requires that a hospitalized individual be informed of certain rights, including the right to an independent clinical evaluation. MCL 330.1453(2). Contrary to respondent's argument, she received notice of a right to an independent clinical evaluation.

Respondent further argues that trial counsel was ineffective by failing to assist respondent in deciding whether to pursue an independent clinical evaluation. The record is silent as to any indication that trial counsel refused to assist respondent in discussing the advantages and disadvantages about an independent clinical evaluation. And respondent fails to provide an offer of proof for such evidence on appeal. Consequently, it is unknown what conversations trial counsel and respondent had or did not have about pursuing an independent clinical evaluation. Nonetheless, respondent also fails to offer proofs that show how an independent clinical evaluation would have been beneficial at the petition hearing. Instead, respondent merely speculates as to what a potential independent clinical evaluation might have established. Accordingly, we find that respondent has failed to establish prejudice stemming from trial counsel's alleged failure to assist respondent in deciding whether to pursue an independent clinical evaluation.

Respondent also argues that trial counsel failed to obtain an expert to counter petitioner's expert's testimony that respondent suffered from bipolar disorder. A "decision[] regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). A review of the record does not reveal anything that suggests that trial counsel's decision not to obtain an expert was not a reasonable strategic choice. A retained expert might have agreed with petitioner's expert witness, so trial counsel could have reasonably decided that obtaining an expert was not worth the risk, especially if trial counsel considered that two independent physiatrists also diagnosed respondent with bipolar disorder. Accordingly, we find that respondent has not established that trial counsel was deficient by not obtaining an expert to counter petitioner's expert's testimony that respondent suffered from bipolar disorder.

## V. ALTERNATIVES TO HOSPITALIZATION

Finally, respondent argues that the probate court failed to consider alternatives to hospitalization. We disagree.

There is ample evidence that the probate court complied with MCL 330.1469a(1) and considered alternatives to hospitalization. The court explicitly stated that alternatives to hospitalization were considered. A report on alternative mental-health treatment was furnished to the trial court before disposition, and the court expressed that it considered the report. Based on that report and all other evidence presented, the court ordered respondent to spend no more than 60 days hospitalized and subsequent outpatient treatment for the remaining period after

hospitalization up to 180 days, which was consistent with the guidelines set forth in MCL 330.1472a(1)(a) to (1)(c). We conclude that the trial court had the required report and other evidence needed to consider treatment alternatives and did not err by failing to consider alternatives to hospitalization before issuing its dispositional ruling.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Sima G. Patel