*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TAV.

---

DANIEL ING,

        Petitioner-Appellee,

v

TAV,

        Respondent-Appellant.

UNPUBLISHED
October 01, 2025
12:00 PM

No. 370553
Washtenaw Probate Court
LC No. 23-000586-MI

---

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order for mental health treatment. For the reasons set forth in this opinion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent has had "a long treatment history" with mental health services for schizoaffective disorder. This history was accompanied by events involving hostile or violent behavior. For example, respondent was hospitalized in 2018 after he physically assaulted his sister. He displayed hostility toward hospital staff when he disagreed with their assessment of him, and, during a treatment review in 2023, threw water on a psychiatrist, resulting in his incarceration for felonious assault. In the proceedings below, respondent's psychiatrist testified about these events, and expressed concern that respondent's worsening behaviors—which escalated as a result of his refusal to undergo treatment—were a danger to others. Respondent's pattern of aggressive behavior, refusal to undergo treatment, and failure to appreciate his need for treatment, led to various petitions for his mental health treatment. Respondent appeals the second order for his mental health treatment, arguing the order's underlying petition was deficient because it did not comply with MCL 330.1473—specifically, respondent argues the petition was deficient because it did not (1) list the treatment to be provided, (2) provide a statement that he was likely to refuse treatment, or (3) provide a clinical estimate of the time required. Respondent also argues that the trial court erred by finding that he was a "person requiring treatment" under MCL 330.1401(1)(c).

-1-

## II. PRESERVATION AND STANDARD OF REVIEW

Generally, an issue must be raised in the trial court to be preserved on appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Respondent raised below, and thus preserved for appeal, his challenge regarding whether he was a "person requiring treatment" under MCL 300.1401(1)(c). Respondent did not, however, raise the issue of the second petition's deficiency in the trial court. Thus, this issue is unpreserved. Because this issue is unpreserved, our review is limited to plain error affecting respondent's substantial rights. *In re MAT*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 2-3. "Under this standard, a party must show that an error occurred, that it was clear or obvious, and that it caused prejudice, i.e., that the error affected the outcome of the proceedings." *Id*. at ___; slip op at 3 (quotation marks and citation omitted).

## III. ANALYSIS

As a preliminary matter, respondent incorrectly quotes from the first petition in support of his argument that the second petition failed to provide an estimated time of treatment or a statement that he was likely to refuse treatment. The second petition clearly states that the estimated time for further treatment was 90 days and that "[t]he treatment team does not believe [respondent] would participate in treatment if not on a court order."[1] But respondent also challenges the adequacy of the second petition's description of his treatment program. Under the section for "treatment program(s) provided to the individual thus far, and the results . . . ," the second petition provides: "Psychiatric services, Nursing services, and Case management services." MCL 330.1473 requires statements regarding both the treatments provided and the results of those treatments. Because the second petition did not describe the results of the treatments listed, it was deficient under MCL 330.1473.[2] We conclude, however, that this deficiency does not warrant reversal.

In *In re Eddins*, 342 Mich App 529, 542 n 7; 995 NW2d 604 (2022), this Court addressed the purpose of the petition requirements of MCL 330.1473 when addressing a similarly faulty petition for continuing mental health treatment. It reasoned:

> Even if a faulty petition for continuing mental health treatment is filed, it does not automatically result in the deprivation of an individual's rights. Indeed, before the court may enter an order requiring continuing involuntary hospitalization or mental health treatment, the court must find, at a minimum, that the individual is a "person requiring treatment," see MCL 330.1401. In this case, the court acknowledged that the petition might be deficient, so it held a hearing and took

---

[1] Respondent has not challenged the sufficiency of the first petition on appeal, so we need not address whether it was deficient.

[2] We also note that the petition's description of treatment of treatments provided was quite cursory. We need not, however, decide whether that description was so lacking as to be deficient under MCL 330.1473 because, even assuming so, the deficiency would not warrant relief for the reasons discussed in this opinion.

evidence to determine whether a continuing mental health order was warranted. In doing so, the court safeguarded respondent's rights from an erroneous deprivation based on a faulty petition. At the hearing, petitioner presented testimony supporting the request for involuntary hospitalization and mental health treatment. [*In re Eddins*, 342 Mich App at 542 n 7.]

While *In re Eddins* concerned subject-matter jurisdiction and summary dispositional challenges, its reasoning remains valid. The petition requirements of MCL 330.1473 exist to prevent someone from being wrongly deprived of their liberty interests on the basis of a faulty petition—that is, to prevent someone from being ordered to continue mental health treatment when such treatment is not warranted. Like the trial court in *In re Eddins*, the trial court in this case conducted a hearing on the second petition and heard testimony from respondent's psychiatrist about his serious ongoing mental health concerns and dangerous behavior, as well as testimony from respondent himself. On the basis of this testimony, the trial court properly found, by clear and convincing evidence, MCL 330.1465, that respondent was a "person requiring treatment" under MCL 330.1401.

Relevant to this case, MCL 330.1401(1)(c) defines a "person requiring treatment" as:

An individual who has mental illness, whose judgment is so impaired by that mental illness that he or she is unable to understand his or her need for treatment, and whose impaired judgment, on the basis of competent clinical opinion, presents a substantial risk of significant physical or mental harm to the individual in the near future or presents a substantial risk of physical harm to others in the near future. [*Id*.]

Respondent's psychiatrist testified that he was "concerned about injuries to others" because respondent was previously incarcerated for felonious assault, threw water on a psychiatrist, and was hospitalized because he physically assaulted his sister. While incarcerated, he also verbally threatened other inmates. The psychiatrist further testified about his concerns that respondent did not understand his need for treatment, despite the worsening of his symptoms and the fact that his behaviors would escalate when he refused treatment. Consistent with this assessment, respondent testified that he did "fine off medication." This, in light of his psychiatrist's testimony about respondent's prior violent behaviors, demonstrates that respondent had a "lack of understanding of [his] need for treatment" and was a "substantial risk of physical harm to others." MCL 330.1401(1)(c).

Accordingly, the trial court did not err in finding that respondent was a "person requiring treatment" under MCL 330.1401(1)(c). Given this determination and the hearing that preceded it, the core purpose of the petition requirements in MCL 300.1473 was still satisfied despite the faulty

nature of the second petition, and respondent has failed to show that relief is warranted. See *In re Eddins*, 342 Mich App 542 n 7.[3] We, therefore, affirm.

/s/ Thomas C. Cameron
/s/ Philip P. Mariani

---

[3] We note that this conclusion is consistent with not just *In re Eddins*, but also *In re Jestila*, 345 Mich App 353; 5 NW3d 362 (2023). In *Jestila*, a petition was filed seeking an order for the respondent's continuing mental health treatment. The respondent did not receive notice of—and, thus, was absent from—the hearing at which the petition was substantively considered and ultimately granted. *Id*. at 354-355. This Court concluded that the "wholesale failure by the probate court to comply with the notice and service requirements governing civil commitments, i.e., the procedural safeguards ensuring [the] respondent's rights to be present and heard[,]" amounted to a denial of the respondent's "right to due process" and "was a significant error that cannot be deemed harmless." *Id*. at 358-359. In so reasoning, this Court noted that "[t]he Michigan Supreme Court has held that civil-commitment statutes must be strictly complied with." *Id*., citing *In re Wojtasiak*, 375 Mich 540, 544; 134 NW2d 741 (1965). We fully agree with this proposition and its import "given the compelling liberty interest at stake" in civil-commitment proceedings. *In re Jestila*, 345 Mich App at 359. We do not, however, read *Jestila* (or *Wojtasiak*, for that matter) to suggest that every instance of statutory noncompliance necessarily warrants relief. Rather, as noted, this Court in *Jestila* considered whether the error at issue was harmless and concluded it was not—and rightly so, given that the error resulted in the respondent being wholly absent from and unable to participate in the hearing that directly resulted in the issuance of the challenged order. See *id.* at 354-355, 358-360. For the reasons discussed, the circumstances in this case are not comparable, and respondent has not shown entitlement to relief on their basis.